IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CARNIVORE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-00023 |
| ) | Campbell/Holmes |
| UBUNTO CHI, LLC, f/k/a NORTECH ) | |
| PACKAGING, LLC, d/b/a TISHMA ) | |
| TECHNOLOGIES, and ) | |
| INTERTAPE POLYMER CORP., ) | |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on November 9, 2021. Counsel participating were: Mark Donnell for Plaintiff; Thomas Christensen and Sye Hickey for Defendant Ubunto Chi; and, Paul McDermott and John Wingo for Defendant Intertape Polymer Corp. From the proposed initial case management order submitted by the parties (Docket No. 54) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the case management schedule and plan detailed below is adopted.

As a preliminary matter, the Court confirmed with counsel that the motion to dismiss first amended complaint filed at Docket No. 45 is a duplicate of the previously filed motion at Docket No. 44. The Clerk is therefore directed to terminate Docket No. 44. By order entered on October 15, 2021 (Docket No. 47), the District Judge was previously given notice of the second filed motion to dismiss, which now appears to be fully briefed. *See* Docket Nos. 41 and 54.

A. JURISDICTION: The court appears to have diversity jurisdiction pursuant to 28 U.S.C. § 1332, subject to filing of properly completed business entity disclosure statements by Defendants, which must be filed by no later than **November 19, 2021**.[1]

B. BRIEF THEORIES OF THE PARTIES:

<u>For Plaintiff</u>: Plaintiff Carnivore LLC ("Carnivore") is a small business that produces and packages meat jerky products out of its facility in middle Tennessee. In January 2020, and as part of a larger plan to expand production in response to increased demand for its products, Carnivore ordered a Model ROO-100 Pre-Made Pouch Fill & Seal Machine (the "Pouch Machine") from Defendants. The Pouch Machine would have allowed Carnivore to process and package its products much more efficiently and at a significantly higher volume, thereby expanding its business and revenue. Carnivore paid Defendants approximately $396,957 for the Pouch Machine, which was to be delivered and installed no later than June, 2020.

More than 16 months later, Defendants have still failed to deliver a functioning Pouch Machine. Defendants delayed their production of the Pouch Machine for months and months, while failing to keep Carnivore informed and failing to adequately respond to Carnivore's inquiries. Defendants finally delivered the Pouch Machine to Carnivore's facility in December, 2020, but then delayed the installation until February, 2021. It became clear at the attempted installation that the Pouch Machine could not process and package Carnivore's products. It was also clear that, despite receiving hundreds of pounds of sample product from Carnivore, Defendants never actually tested that product on the Pouch Machine. Only after the filing of this lawsuit did Defendants reengage with Carnivore to attempt to address the numerous defects with the Pouch Machine, but after several more months and site visits to Carnivore's facility, Defendants remain unable to do so.

---

[1] Counsel for Defendants are again reminded to carefully review the Court's business entity disclosure statement form and provide all the required information under applicable Sixth Circuit law as instructed.

Carnivore rejected the Pouch Machine by letter dated February 26, 2021, and Defendants have admitted on several occasions since that the Pouch Machine does not work. But despite Defendants' obvious inability to deliver a functioning Pouch Machine, Defendants have continually refused to refund Carnivore's purchase price. Carnivore has suffered significant damages as a result of Defendants' clear breaches of their agreement and warranties to Carnivore.

<u>For Defendant Intertape Polymer Corp.</u>: Carnivore LLC ("Carnivore") and Intertape Polymer Corp. ("Intertape") are parties to a written agreement for the purchase and sale of a machine to pouch and seal certain meat jerky products. That agreement expressly limits Carnivore's remedies for a part proven to be defective to repair, replacement, or account credit. That agreement also limits Intertape's warranties given for the machine. Notwithstanding the terms of the parties' agreement, Carnivore seeks to avoid its contract and instead bring claims for breach of an unidentified, indefinite contract, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for particular purpose. All of Carnivore's allegations to avoid its written agreement are insufficient as a matter of law and its purported claims fail under the parties' written agreement. Intertape otherwise denies that it is in breach of its agreement with Carnivore or that the pouch machine does not operate as warranted.

**For Defendant Ubunto Chi, LLC, f/k/a Nortech Packaging, LLC**: Ubunto Chi, LLC, f/k/a Nortech Packaging, LLC incorporates and adopts the theories of Intertape Polymer Corp. set forth above.

    C.    ISSUES RESOLVED: Jurisdiction and venue.

    D.    ISSUES STILL IN DISPUTE: Liability and damages.

    E.    INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), which must include copies (not descriptions) of responsive documents, on or before **December 9, 2021**.

**F.** CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties must make a **minimum of two independent, substantive** attempts to resolve this case. By no later than **April 29, 2022**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.** The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties must mediate as their second attempt at case resolution. Subject to further order, all parties must participate in mediation.[2] The mediation must be concluded by no later than **October 14, 2022**. By no later than **August 5, 2022**, the parties must file a second joint case resolution status report that confirms their selection of a mediator and states the date on which mediation is scheduled. Upon conclusion of mediation, the parties or the mediator shall file a report of mediation in accordance with Local Rule 16.05(b). The parties may further mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve

---

[2] Defendant Ubunto Chi contends that it is not a proper party because any liability is properly attributable to Defendant Intertape Polymer as successor liability as a result of Intertape Polymer's purchase of the assets of Ubunto, which Intertape Polymer disputes. Initially, the Court was inclined to leave the question of Ubunto's participation up to the mediator; however, upon further reflection, the Court finds that the better outcome is to require all parties to participate in mediation, unless there has been some development in the case or some other factual basis upon which Ubunto or any other party can demonstrate that its participation in mediation should not be required, which can be raised by appropriate motion.

the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

   G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **June 17, 2022**. Written discovery should proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other motions, unless ordered by the Court No discovery disputes may be brought to the Court for resolution before lead counsel for all parties have conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All permitted discovery-related motions must be filed by no later than **June 17, 2022**, unless otherwise ordered by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly

02557383 3

5

Case 1:21-cv-00023 Document 55 Filed 11/10/21 Page 5 of 8 PageID #: 299

state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. **MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties must be filed by no later than **March 4, 2022** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

I. **DISCLOSURE AND DEPOSITIONS OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **July 22, 2022**. The defendant shall identify and disclose all expert witnesses and reports on or before **September 2, 2022**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **October 7, 2022**.

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically using the Court's conference line (1-877-402-9753 Access Code 3808663#) on **March 30, 2022 at 2:00 p.m. (CT)**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Counsel shall discuss these matters in advance, and, if at the time for which the subsequent case management conference is scheduled, the parties are in agreement that there are no matters requiring the Court's attention (including requested modifications to the case management schedule), they may notify the Court at least three business days in advance of the scheduled subsequent case management conference and request removal of the case management conference from the Court's docket.

K.      DISPOSITIVE MOTIONS:  Motions to dismiss under Rule 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. As provided above, the parties must attempt to resolve the case prior to the filing of motions for summary judgment. All other dispositive motions must be filed by no later than **December 5, 2022**. Responses to dispositive motions must be filed by no later than **January 5, 2023**. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed by no later than **January 19, 2023** and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L.      ELECTRONIC DISCOVERY. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.  In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

M.      MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement

that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **BENCH**[3] trial of this action is expected to last **approximately 4 to 5 days**.[4] A trial date no earlier than **May 23, 2023**, is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Campbell.

It is so ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[3] The case docket indicates that Plaintiff demanded a jury trial. However, no jury trial demand was made by any party in this case and the parties' proposed initial case management order provides for a bench trial. (Docket No. 54 at 7.)

[4] The parties were also reminded during the case management conference of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.